## Whitney *against* Camp and Townley, tertenants of Crosby, deceased.

*A scire facias issued, on a judgment obtained against C, against A and B, as tertenants of C, deceased, which was returned by the sheriff, that he had given notice to the tenants of the land, of which C was seised, &c. to appear, &c. On the 5th of May, 1807, a rule was entered for the tertenants to appear; on the 9th of May, 1807, their defaults were entered, and on the 15th of May, 1807, the plaintiff entered final judgment. It was held, that the* tertenants were too late, after a judgment by default, to move to set aside the *scire facias*, on the ground, that the heirs and personal representatives of C, had not been previously warned, or because they were not such tertenants, as ought to have been summoned, especially, when they disclosed no merits in behalf of themselves, or the representatives of C; and that the proceedings on the *sci. fa.* were regular, and the tertenants duly warned.

STEWART, for the defendants, moved to set aside the *scire facias* issued in this cause, and all the subsequent proceedings thereon. The following are the material facts, as stated in the affidavits, which were read. A judgment having been obtained in favour of the plaintiff, against *Crosby*, on a demurrer to the declaration, in *August* term, 1805, the same was signed the 16th *August*, 1805, and was revived, the 15th *February*, 1807. On the 2d *March*, 1807, a *scire facias* was issued on the said judgment, against *Camp & Townley*, as tertenants of *Crosby*, deceased, directed to the sheriff of the county of *Broome*, who returned that he had, by two good men, noticed the tertenants of the land, whereof *Crosby* was seised, on the day of the judgment, to appear, &c. On filing the *scire facias* and return thereon, a rule was entered, the 5th *May*, 1807, requiring the tertenants to appear. On the 9th *May*, 1807, their defaults were entered, and on the 15th *May*, the plaintiff entered a rule for final judgment. On

the 13th *July*, 1807, the judgment-roll was signed and filed, and on the 29th *July*, a *fieri facias* was issued.

*Hoffman*, contra. Though it is said, in the *English* books, that where judgment is had against one who dies before execution, that a *scire facias* will not lie against his heirs or tertenants, until a *nihil* has been returned on a *scire facias*, against the executors or administrators ;* yet the practice in this court has been different, and seems countenanced by the language of the 7th section of the act for the amendment of the law,† where it is said, that on assessment of the damages, in actions on bonds for the performance of covenants, &c. the plaintiff may have a *scire facias* upon the judgment against the defendant, or against his heirs, devisees or tertenants, or executors or administrators, suggesting other breaches, &c. thereby giving the plaintiff his election against which to issue his *scire facias*. But whatever may be the rule in this respect, the defendants come too late after a judgment by default, to make their objection. They ought to have availed themselves of it by plea.‡

The proceedings on the *scire facias*, and the entry of the judgment, have been regular, and according to the practice of the court.

*Per Curiam.* This is a motion, made on the part of the defendants, to set aside the *scire facias*, and all subsequent proceedings. On a consideration of the facts, we are of opinion, that the motion must be denied. The proceedings on the *scire facias* were regular. The defendants, as tertenants, were duly warned, and suffered judgment to pass against them by default. The return to the *scire facias* by the sheriff of the county, where the lands lie, states them to be " tenants of the lands in his bailiwick, whereof *Crosby* was seised, on the day of the rendition of the judgment in the original suit." If the rule be, as stated in the books, that the heir and the personal representatives of *Crosby* ought to have been previously warned, yet the tertenants ought to have availed themselves of this omission by plea, and they come too

ALBANY,
Feb. 1808.

Whitney
v.
The tertenants
of Crosby.

* 2 *Tidd*, 1059.
2d ed. *Carthew*, 107.

† *Laws of N. Y.* vol. 1. p. 350.

‡ 2 *Saunders*, by *Wms.* 9. note 10.

ALBANY,
Feb. 1808.

Speyer
v.
New-York Ins.
Company.

late, after judgment by default. (2 *Saunders*, by *Williams*, p. 9. note 8. and 10.) They are also equally too late to be heard upon the allegation, that they were not such ter-tenants as ought to have been summoned upon the *scire facias*. There is the more reason for denying the motion, as there are no merits disclosed, or averred by the defendants, either in behalf of themselves, or of the legal representatives of *Crosby*; and from the affidavit of the attorney of the defendants, it appears, that a previous *scire facias* against the executors, or the heirs of *Crosby*, would have been unavailing and fruitless, for it is stated, that neither of them have resided within this state, since *January*, 1806.

Some circumstances are mentioned, in the affidavits on the part of the defendants, relative to the original judg-ment, but as the motion before the court does not apply to that judgment, it becomes unnecessary to take notice of those suggestions.

Rule refused.